# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:05CV163-H

| | |
|---|---|
| NICOLE MCLAWHORN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ELIZABETHTOWN FORD, LLC, d/b/a )<br>PERFORMANCE FORD, DAVID SEAN )<br>NABER, and MICHAEL LEWIS, )<br>)<br>Defendants. )<br>_____ ) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on the "Defendants' Motion for Judgment on the Pleadings" (document #8) and "Memorandum ... in Support ..." (document #9), both filed July 12, 2005; and the Plaintiff's "Memorandum ... in Opposition ..." (document #10) filed August 15, 2005. On August 29, 2005, the Defendants filed their "Reply ..." (document #11).

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c).

Upon examination of the Defendants' motion, the parties' briefs, and the pleadings, it is apparent that there is no basis for federal subject matter jurisdiction and, accordingly, this matter will be <u>remanded</u> to state court, as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Nicole McLawhorn is a citizen of Louisiana, while the Defendants, Elizabethtown Ford, LLC, an automobile dealership, and its employees, David Sean Naber, and Michael Lewis, are North Carolina citizens.

The Plaintiff alleges that she worked for the corporate Defendant as a salesperson from sometime in November 2001 through March 3, 2003, when she was terminated; that throughout her

employment, Defendant Lewis was her immediate supervisor; and that Defendant Naber was the general manager of the dealership. Plaintiff further alleges that from sometime in April 2002 through her termination, Defendants Naber and Lewis subjected her to an unending stream of unwelcome and humiliating sexual comments, jokes, and propositions. See "Complaint" at 2-4 (document #1).

On March 19, 2003, the Plaintiff filed an administrative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which on December 24, 2003, mailed the Plaintiff what is commonly called a "right-to-sue letter."

On March 17, 2005, that is, nearly one year after the expiration of the 90-day period in which the Plaintiff could have filed a timely action for employment discrimination under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e ("Title VII"),[1] the Plaintiff filed the instant Complaint in the Superior Court of Mecklenburg County, alleging a single state common law claim for intentional infliction of emotional distress against the Defendants and seeking compensatory and punitive damages "in excess of $10,000." In support of her state law claim, the Plaintiff alleged that the Defendants' conduct was so severe that it also would have amounted "to a violation of Title VII."

On April 20, 2005, the Defendants removed the state law action to the Western District of North Carolina, contending that the Complaint's reference to Title VII constituted a basis for federal question jurisdiction.

On July 12, 2005, the Defendants filed their "Motion for Judgment on the Pleadings," contending that the Plaintiff's "purported Title VII claim" was untimely and that the Plaintiff had

---

[1] It is well settled that Title VII allows an aggrieved party ninety days after receipt of a right-to-sue letter from the EEOC to file a civil action. 42 U.S.C. § 2000e- 5(f)(1); and 29 U.S.C. § 626(e). A claimant who fails to file a complaint within the ninety-day statutory time period forfeits her right to pursue his claim. See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-51 (1984).

failed to allege facts sufficient to state a claim for intentional infliction of emotional distress.

Although the Plaintiff has not expressly moved to remand this action to state court, in her Memorandum in Opposition, she states that she "**has not, is not, and will not assert any Federal claims against [the Defendants] which might otherwise arise or have arisen from the various facts as alleged in the Complaint**." Document #10 at 2 (emphasis in the original).

Despite having both the last word in the form of their Reply and, as discussed below, the burden of establishing the existence of subject matter jurisdiction, the Defendants have not addressed the topic in any manner.

Although the Defendants' Motion for Judgment on the Pleadings has been fully briefed, in the absence of subject matter jurisdiction, this Court may not rule on the pending motion, but must, instead, remand this action to state court.

## II. DISCUSSION

28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The existence of subject matter jurisdiction is a threshold issue, and absent a proper basis for subject matter jurisdiction, a removed case must be remanded to state court. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998). Accord Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); and Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The parties seeking federal jurisdiction, in this case, the Defendants, have the burden of proving that subject matter jurisdiction exists. See Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999);

Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); and Norfolk Southern Ry. Co. v. Energy Development Corp., 312 F.Supp.2d 833, 835 (S.D.W.Va. 2004).

It is well-established that "[t]he subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000), citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Accord Darcangelo v. Verizon Communications, Inc., 292 F.3d 181, 186 (4th Cir. 2002) ("In general, an action filed in state court may be removed to federal court only if it might have been brought in federal court originally"). This requirement is so absolute that "[n]o party need assert [an absence of a basis for exercising subject matter jurisdiction]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted) (emphasis added). Accord Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

Accordingly, at the time they filed their Notice of Removal, the Defendants had the burden of establishing the existence of subject matter jurisdiction, that is, the existence of either of what are commonly called "federal question" or "diversity" jurisdiction. Accord Lovern, 190 F.3d at 654; Richmond, Fredericksburg & Potomac R. Co., 945 F.2d at 768; and Energy Development Corp., 312 F.Supp.2d at 835.

Concerning federal question jurisdiction, as the Fourth Circuit has stated:

Title 28 U.S.C. § 1331 provides that district courts have subject matter jurisdiction of every civil action that "arises under the Constitution, laws, or treaties of the United States." This means that Congress has given the lower federal courts jurisdiction to hear only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily

4

<u>depends on resolution of a substantial question of federal law</u>.

Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606-07 (4th Cir. 2002) (emphasis added).

Moreover, "the vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action [and t]he well-pleaded complaint rule requires that federal question jurisdiction not exist unless a federal question appears on the face of a plaintiff's properly pleaded complaint." Columbia Gas Transmission Corp. v. Drain, 237 F.3d 366, 369-70 (4th Cir. 2001), citing Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986).

Although there is no Fourth Circuit authority on point, this Court has previously held that federal question jurisdiction does <u>not</u> arise when a state court plaintiff simply alleges that a federal statute provides a standard of care or conduct, or otherwise refers to federal authority as evidence that a defendant violated state law. Greene v. General Motors Corp., 261 F.Supp.2d 414, 418 (N.C.W.D. 2003) (case remanded to state court where complaint referenced the warranty standards contained in the Magnuson-Moss Act only as evidence that defendants had violated state law). Similarly, other courts that have considered the issue have also held that reference to a federal statute as evidence of violation of state law does <u>not</u> create a federal question. See, e.g., ARCO Envtl. Remediation, L.L.C. v. Dep't of Health and Envtl. Quality of Montana, 213 F.3d 1108, 1113 (9th Cir. 2000) ("[t]he fact that ARCO's complaint makes repeated references to CERCLA does not mean that CERCLA creates the cause of action under which ARCO sues"); Hill v. Marston, 13 F.3d 1548, 1550 (11th Cir. 1994) (the "violation of a federal standard as an element of a state tort recovery does not change the state tort nature of the action"); and Kravitz v. Homeowners Warranty Corp., 542 F.Supp. 317, 319 (E.D. Pa. 1982).

In <u>Kravitz</u>, for example, where the plaintiff homeowners contended that the defendant's

5

failure to comply with Magnuson-Moss warranty standards entitled them to contract rescission under state law, the court held that the plaintiffs' cause of action "was rooted in" state law and that the state courts "[were] fully competent to interpret the Magnuson-Moss" warranty standards, and remanded the matter to state court. 542 F. Supp at 319-20.

Applying these legal principles to the Plaintiff's Complaint, clearly there is no basis for exercising federal question jurisdiction, that is, the Plaintiff has not pled a claim arising under Title VII or any other federal statute, nor do any of her asserted rights to relief necessarily depend on the resolution of any federal law question, much less a substantial question of federal law. Indeed, the "face" of the Complaint clearly reflects, at most, that the Plaintiff alleged the Defendants' breach of Title VII standards only as further evidence that they committed intentional infliction of emotional distress.

Similarly, there is no basis for exercising diversity jurisdiction, which exists only if diversity of citizenship among the parties is complete – that is, only if no plaintiff and defendant are citizens of the same State – and the amount in controversy exceeds $75,000.[2] See, e.g., 28 U.S.C. § 1332 (2000); Schacht, 524 U.S. at 388; and Carden v. Arkoma Associates, 494 U.S. 185, 187 (1990).

Not only does the party seeking federal jurisdiction bear the burden of proving that subject matter jurisdiction exists generally, but in cases where jurisdiction is predicated on diversity of citizenship and where a complaint does not allege a specific amount of damages but instead seeks damages "in excess" of a certain dollar figure, the party asserting that jurisdiction exists must prove by the preponderance of the evidence that the amount in controversy requirement has been met. Accord Momin v. Maggiemoo's International L.L.C., 205 F. Supp. 2d 506, 509 (D. Md. 2002) (applying preponderance of evidence standard to amount in controversy); and Gynn v. Wal-mart

---

[2]There is no dispute that the citizenship of the parties is diverse, that is, the Plaintiff is a citizen of Louisiana and the Defendants are North Carolina citizens.

Stores, 955 F. Supp. 44, 46 (M.D.N.C. 1996) (same).

Applying these principles concerning diversity jurisdiction to the Complaint, there is no basis for concluding that this action meets the $75,000 amount in controversy requirement, a point the Defendants essentially conceded when they did not allege the existence of diversity jurisdiction in their Notice of Removal. Indeed, other than the Complaint's prayer for relief for compensatory and punitive damages "in excess" of $10,000 dollars, the record is wholly devoid of the amount of damages the Plaintiff might be reasonably expected to recover should she ultimately prevail on her state law claim.

In short, and withholding any judgment as to the merits of the Plaintiff's state law claim or the Defendants' Motion for Judgment on the Pleadings, the record does not reveal any basis for federal subject matter jurisdiction, removal was improper, and the Court on its own motion must remand this matter to state court.

### III. ORDER

**NOW, THEREFORE, IT IS ORDERED:**

1. This action, including the Defendants' pending "Motion for Judgment on the Pleadings," is **REMANDED** to the Superior Court for the County of Mecklenburg.

3. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED, ADJUDGED, AND DECREED.**

**Signed: September 1, 2005**

_Carl Horn, III_

Carl Horn, III
United States Magistrate Judge